## PROXIMATE CAUSE WHERE CHILD WAS STRUCK BY VEHICLE.

Circuit Court of Cuyahoga County.

GEORGE B. HARRIS, ADMINISTRATOR OF ESTATE OF ANDREW TOMASCO, v. ROBERT F. WILLIAMS.[*]

Decided, February 11, 1907.

*Negligence—Violation of Revised Statutes and Traffic Ordinance by Negligent Driving Make a Case for the Jury.*

Where the defendant was driving upon the wrong side of the street in violation of Section 3490, Revised Statutes, and at a speed of ten or twelve miles an hour in violation of the city ordinances, and plaintiff's intestate, a child of seven, after dodging from behind other vehicles going in the right direction, was knocked down by the front legs of defendant's horses and killed by being run over by defendant's wagon the question of whether or not defendant's negligence in driving so fast that he could not stop in time to avoid running over the child was the proximate cause of its death is a question for the jury.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The action below was an action for death by wrongful act. Plaintiff's intestate was a child seven years old coming home

---

[*] Affirmed without opinion, *Williams* v. *Harris*, 77 Ohio State, 633.

from school. While he was crossing Erie street, from east to west, at a point nearly opposite Webster street, in this city, he was run over by a team and heavy wagon, belonging to the defendant. The trial judge directed a verdict for the defendant, at the close of the plaintiff's evidence, and this is assigned as error. Erie street runs north and south, and there are double street car tracks thereon. There is a space of about twenty-five feet from the west rail of the west track to the west curb of the street. The team which ran over the boy was being driven north in this space, being, therefore, on the left hand side of the street. At the time of the accident, this team was being driven between other vehicles headed in the opposite direction; one was up close to the west curb; two others were in the west car track; and from between these two last the boy darted out, just in time to strike, or be struck by, the fore legs of the horse nearest him. He was knocked down by the horse, run over by the wagon and instantly killed. The driver of the wagon could not see him until he emerged from between the two vehicles on west car track. The driver was traveling at the rate of ten or twelve miles an hour, and going at that rate it is perfectly clear that he could not have stopped in time to prevent the accident after becoming aware of the boy's peril.

Plaintiff's case rests, however, upon the claim that the team was being driven at a negligent rate of speed in violation of Section 915 of the Revised Ordinances of the city of Cleveland, and on the left hand side of the road, in violation of Section 3490, Revised Statutes of Ohio. The ordinance forbids driving at a greater rate of speed than six miles an hour, and even this rate of speed is not sanctioned, unless it be consistent with the care required for the convenience and safety of people using the street.

It is perfectly clear that the boy was not guilty of negligence as a mere matter of law. It is also clear that if the driver of the wagon which caused the accident could not have stopped or swerved his team in time to save the boy, even though he had been driving at a rate of speed within the ordinance, and consistent with ordinary care under the circumstances, the death of the boy can not, under facts as actually presented, be con-

sidered as the direct result of fast driving. In other words, the fast driving must have been the proximate cause of the injury to the boy to make the driver liable.

It was evidently the opinion of the court below that the accident was inevitable and was not the result of the alleged fast driving, and it is undoubtedly true that the accident occurred almost instantaneously after the boy first appeared from behind the wagon.

Upon careful review of the evidence, we find ourselves unable to agree with the trial court in this regard. It seems to us that it was a question for the jury to determine whether or not, if the driver of the wagon which ran over the boy had been driving at a lawful and careful rate of speed he would not have been able to pull up his horses in time to have avoided the fatal accident. Whatever injury the boy might have sustained merely in consequence of running into, or being run over by the horses, might well have been regarded as the result of inevitable accident, but he was killed by the wagon which ran over him after he had been knocked down, and we can not say as a matter of law that he would have been killed had it not been that the driver was going faster that he lawfully might.

We think that the fact that the team was being driven on the left side of the street is one of the circumstances to go to the jury, although it does not, of itself, warrant the predicate of liability. It is also true that driving faster than the ordinance is not *per se* negligence, but it is some evidence of negligence, and taken together with the other circumstances already recited, the jury should have passed upon the question whether or not the driver's conduct was negligent, and whether or not such negligence was the proximate cause of the boy's death. The question of the boy's own negligence would also have to be submitted to the jury in that event.

For error, therefore, in directing a verdict for the defendant, the judgment below is reversed and the cause remanded for a new trial.